**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mario Catanio, | NO. C 06-03068 JW |
| Petitioner, | **ORDER TO SHOW CAUSE RE: WRIT OF HABEAS CORPUS PETITION** |
| v. | |
| Anthony Kane, Acting Warden, Board of Parole Hearings, Arnold Schwarzenegger, Governor, Real Parties in Interest | |
| Respondents. | |

## **I. INTRODUCTION**

Petitioner Mario Catanio ("Petitioner"), a state prisoner, has filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee. Venue is proper because Petitioner is challenging the findings and disposition of a parole hearing held by the Board of Prison Terms[1] ("BPT") in Soledad, California, which is located in this judicial district. See 28 U.S.C. § 2241(d).

## **II. BACKGROUND**

Petitioner is currently serving a twenty five (25) year to life sentence for first degree murder, for the unintended death of a fireman fighting an arson fire set by Petitioner. On July 13, 2004, the BPT denied Petitioner parole. Petitioner alleges that the BPT's decisions was not based on

---

[1] The BPT's name has since changed to the "Board of Parole Hearings."

1 Petitioner's suitability for parole, but rather, that notice of the hearing to the County of Los Angeles
2 Police Department was defective.

3 On July 25, 2005, the Supreme Court of California transferred Petitioner's state habeas
4 petition to the Court of Appeal, Second Appellate District for consideration in light of Hagan
5 v. Superior Court (1962) 57 Cal.2d 767 and instructed that the petition should be denied if
6 the petition were repetitious. On August 24, 2005, the Court of Appeal, Second Appellate
7 District summarily denied Petitioner's petition for failure to state facts sufficient to support
8 relief and for being repetitive.

9 As grounds for federal habeas relief, Petitioner asserts that he was denied his right to due
10 process when the BPT abused its discretion and denied Petitioner parole. Specifically, Petitioner
11 contends that (a) the district attorney unlawfully gave legal advice to the BPT that resulted in an
12 improper rescission hearing and (b) the decision of the BPT rescinding Petitioner's parole date on
13 the theory of deficient notice was wholly arbitrary, in violation of due process as there was no
14 support in the record for that finding.

15 Petitioner's claims challenging the BPT's denial of his parole is sufficient to require a
16 response because he asserts federal grounds for relief and alleges that his remedies with respect to
17 each claim raised have been fully exhausted.

## III.  DISCUSSION

19 A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in
20 custody pursuant to the judgment of a State court only on the ground that he is in custody in
21 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Rose
22 v. Hodges, 423 U.S. 19, 21 (1975). The court shall issue an order directing the respondent to show
23 cause why the writ should not be granted unless it plainly appears from the petition that the
24 petitioner is not entitled to relief. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Habeas
25 Corpus Cases Under Section 2254.

26 Because it appears that Petitioner has fully exhausted his remedies with respect to each claim
27 he raises in his federal petition, see 28 U.S.C. § 2254(b), (c); because it appears that the petition was

28

2

timely filed, see 28 U.S.C. § 2244(d); and because Petitioner raises claims cognizable in a petition filed pursuant to § 2254, Respondent is directed to SHOW CAUSE why the petition should not be granted.

### IV. CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner at his most current address.

2. Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the State trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date Petitioner is served with Respondent's Answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion no later than **forty-five (45) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time

3

1 allowed or ask for an extension of that time.  Failure to do so may result in the dismissal of this
2 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v.
3 Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

4     5. Petitioner is reminded that all communications with the Court, whether by way of
5 formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the
6 document to Respondent's counsel.

7 6. Extensions of time are not favored, though reasonable extensions will be granted.  However,
8 the party making a motion for an extension of time is not relieved from his or her duty to comply
9 with the deadlines set by the Court merely by having made a motion for an extension of time.  The
10 party making the motion must still meet the deadlines set by the Court until an order addressing the
11 motion for an extension of time is issued.  Any motion for an extension of time must be filed no later
12 than **fifteen (15) days** prior to the deadline sought to be extended.

14 Dated: July 12, 2006

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Steve M. Defilippis flipsmd2005@yahoo.com

California State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004

**Dated: July 12, 2006**                                         **Richard W. Wieking, Clerk**

                                                                 **By:   /s/ JW Chambers**
                                                                    **Melissa Peralta**
                                                                    **Courtroom Deputy**

United States District Court
For the Northern District of California